## Sarah A. Richardson v. Amelia Richardson, David Richardson and William Shup.

1. FRAUDULENT CONVEYANCES—*When to be Set Aside.*—A conveyance in fraud of the complainant's rights as a creditor will be set aside.

Creditor's Bill.—Trial in the Circuit Court of Cumberland County; the Hon. FRANK K. DUNN, Judge, presiding. Hearing and decree for

complainants; appeal by defendants. Heard in this court at the November term, 1898. Affirmed in part and reversed in part with directions. Opinion filed February 7, 1899.

JAMES W. & E. C. CRAIG and LEVI N. BREWER, attorneys for appellant.

LYLE DECIUS and W. S. EVERHART, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

Amelia Richardson commenced this suit by filing a creditor's bill in which she showed that on the 1st of February, 1897, the County Court of Cumberland County rendered judgment in her favor against the estate of William Richardson, deceased, for $808.75, upon a note executed to her by William Richardson on the 30th day of July, 1887; that at the date of the note and afterward he owned and possessed seventy-three and one-half acres of land in Cumberland county, forty-three and one-half acres of which he and his wife, Sarah A. Richardson, on the 14th day of March, 1893, conveyed to David Richardson, in consideration of the payment by David of a mortgaged indebtedness of $589.75 existing against the land in favor of one Joseph Eskridge, the grantors reserving to themselves the use and control of the land for their natural lives; and the remaining thirty acres of which they, on the same day, conveyed to Ida Ross and Charles B. Ross, in consideration of the grantees supporting them during life; that on the 28th day of November, 1893, Ida and Charles B. Ross conveyed the thirty acres last mentioned to William Shup upon consideration of Shup's promise to support and care for William Richardson and wife; that the appraisers of the estate had allowed to Sarah Richardson, as her award, $900, and that there were not assets sufficient to satisfy the award and her claim.

The bill sought to have the conveyance named set aside as being in fraud of the complainant's rights as a creditor.

After filing an answer admitting the averments of fact in the bill, David Richardson filed a cross-bill asking that the

release and satisfaction of the mortgage to Joseph Eskridge, which he paid when he took the conveyance from William Richardson, be set aside, the mortgage reinstated, and that he be subrogated to the rights of the mortgagee.

Sarah Richardson answered, denying about all the material averments in the original bill and cross-bill, and set up a right of homestead in the land.

Upon a hearing the court decreed that the deeds from William Richardson and Sarah Richardson to David Richardson and Ida and Charles B. Ross, and the one from Ida and Charles B. Ross to William Shup, be set aside as void against the rights of Amelia Richardson; that David Richardson be subrogated to the rights of a mortgagee under the Eskridge mortgage; that the parties were entitled to liens as follows: First, David Richardson, $938.17; second, William Shup, $213.17; third, Amelia Richardson, $872.25, subject to Sarah Richardson's right of dower; and that in default of payment of the sum mentioned, within sixty days, the land be sold.

The evidence in the record of this case amply supports that part of the decree which declares the conveyance from William Richardson and Sarah Richardson to David Richardson and Ida and Charles B. Ross, and from Ida and Charles B. Ross to William Shup, void as to the rights of Amelia Richardson.

The conveyance left William Richardson in an insolvent condition. Except as to the payment of the Eskridge mortgage, they were voluntary, and for that reason void as to Amelia Richardson, who was then a creditor.

The decree properly restored the lien of the Eskridge mortgage, and subrogated David Richardson to the rights of a mortgagee; because that part of the consideration which related to the payment of the mortgage indebtedness was valid.

It is clear that appellant had a right of homestead, however, as against the claim and right of Amelia Richardson, and the court should have so decreed as she specifically asserted it in her answer.

It is contended that she has a homestead as against the rights of David Richardson, because it nowhere appears in proof that in the mortgage executed by her and her husband to Eskridge, she waived her right of homestead. A complete answer to that contention is that it was admitted upon the trial that the copy of the mortgage attached to the cross-bill was a true copy of the original mortgage from her and her husband to Eskridge, and the copy shows she waived and released all right of homestead in the land.

In the conveyance to David Richardson and Ida and Charles B. Ross, appellant released her right of homestead, and for that reason it is contended she can not assert it against the claim of William Shup. The claim of Shup is for necessaries furnished William and Sarah Richardson under the obligation assumed by him when he received his deed from Ida and Charles B. Ross and took possession of the land. He could have no lien, therefore, prior to the right of Amelia Richardson; and if, during the time he was furnishing them, he was enjoying the possession, rents and profits of the land, there should be deducted from his claim the rental value of the land while occupied or controlled by him.

So far as the decree declares void and sets aside the deeds of William and Sarah Richardson to David Richardson and Ida and Charles B. Ross, and the deed from Ida and Charles B. Ross to William Shup, and restores the mortgage given to Eskridge, and subrogates David Richardson to the rights of a mortgagee, it will be affirmed; but in all other respects it will be reversed and the cause remanded, with directions to have homestead set apart to Sarah Richardson, subject to the foreclosure decree of David Richardson, and that Amelia Richardson have lien subject only to rights of David Richardson and homestead estate of Sarah Richardson.

Decree affirmed in part, reversed in part with directions.